United States District Court
Middle District of Florida
Jacksonville Division

**WHETSTONE INDUSTRIES, INC.,**
**& HENRY M. WHETSTONE, JR.,**

    *Plaintiffs,*

v.	No. 3:17-cv-1286-J-20PDB

**YOWIE GROUP, LTD., ETC.,**

    *Defendants.*

___

# Order

The plaintiffs bring claims for tortious interference with a manufacturing agreement, business relationship, and license agreement. Doc. 1. An overview of the action is in the order denying the motion to dismiss. Doc. 57. Before the Court are the plaintiffs' motion to strike defenses, Doc. 69, motion to extend time limits for depositions, Doc. 76, and motion to compel discovery, Doc. 58, and the defendants' responses to the motions, Docs. 65, 77, 79.

## Motion to Strike

The plaintiffs ask the Court to strike defenses raised in the answers, Docs. 60–63, primarily complaining the defenses are improper "shotgun" defenses devoid of factual allegations. Doc. 69.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court has "considerable" discretion in ruling on a motion to strike. 5C Arthur R. Miller, et al., 5C FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed.) ("FPP"). Generally, courts view such motions with disfavor and infrequently grant them, *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015),

"unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action," FPP § 1382. Courts sometimes call them "time wasters." *See, e.g., Gibson v. JetBlue Airways Corp.*, No. 6:18-cv-1742-Orl-40TBS, 2019 WL 3206925, at *3 (M.D. Fla. July 16, 2019) (unpublished).

Courts differ on whether the pleading standard for claims applies to affirmative defenses, with courts holding "no" appearing to be in the majority. *Compare, e.g., Ability Housing of Ne. Fla., Inc. v. City of Jacksonville*, No. 3:15-cv-1380-J-32PDB, 2016 WL 816586, at *1–2 (M.D. Fla. Mar. 2, 2016) (no) (unpublished); *with GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) (yes, but "context specific"). The undersigned remains in the "no" camp for the reasons explained in *Ability Housing*.

Because the plaintiffs rely on the standard for claims rather than defenses, the motion to strike, Doc. 69, is **denied**. To the extent the plaintiffs argue the Court should strike defenses because they are not genuine affirmative defenses, the plaintiffs show no prejudice from including the defenses in the answers, and the undersigned discerns no harm in allowing them to remain. *See Gibson*, 2019 WL 3206925, at *3 ("Defendant's affirmative defenses, while not an example of exemplary pleading, suffice for litigation purposes. To the extent Plaintiff has succeeded in pointing out deficiencies in the defenses, those flaws are not so substantial or serious that the defenses need to be stricken to do justice in the case.").

**Motion to Extend Time Limits for Depositions**

The plaintiffs move for extensions of the time limits for the depositions of four Australian residents associated with defendant Yowie Group, Ltd., or its subsidiary, non-party Yowie North America: defendant Wayne Loxton, defendant Patricia Fields, defendant Trevor Allen, and non-party Mark Avery. Doc. 76. The plaintiffs explain that despite the pendency of related state cases (consolidated into one state case) and that the depositions are for both cases, the defendants insist on proceeding under

Federal Rule of Civil Procedure 30 and provide only four consecutive days in November for the depositions. Doc. 76 at 2–3. The plaintiffs emphasize the state and federal cases involve different legal theories, the underlying events in the cases span from 2012 to 2015, the need for and duration of breaks is difficult to predict, and counsel has to travel far—to Australia—for the depositions. Doc. 76 at 3–5. The plaintiffs want five days for the four depositions and the "ability to allocate that time among the witnesses however they deem fit, even if that means exceeding the seven-hour limit." Doc. 76 at 5–6.

The defendants detail the difficulty all have had in getting the depositions scheduled (busy lawyers, international travel), ultimately pinpointing November 12, 13, 14, and 15 as acceptable dates, but with the plaintiffs' counsel insisting on including Monday, November 18, and belatedly disclosing that Loxton's deposition on Friday, November 15, would have to start early and end by sunset for religious reasons. Doc. 79 at 2–4. The defendants oppose the motion on four grounds: the plaintiffs' counsel failed to comply with Local Rule 3.01(g); the plaintiffs fail to meet their burden of showing the time limitation needs to be extended considering that the cases lack complexity and three of the four deponents have little knowledge about pertinent matters; Loxton's deposition can be set to accommodate the request to end the deposition by sunset; and extending the depositions into a second week (to November 18) would unduly burden defense counsel because travel to Australia will take twenty hours and he has to attend depositions in Arizona on November 20, 21, and 22. Doc. 79. The defendants explain their counsel promised to not be an "egg-timer" at the depositions and observed the sun will not set until after 8:00 p.m. in Australia on November 15. Doc. 79 at 4. The defendants add that three deponents (Loxton, Allen, and Avery) must travel from other parts of Australia for their depositions and contend those deponents should not be made to continue their depositions over the course of several days. Doc. 79 at 8–9.

Local Rule 3.01(g) provides,

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement: (1) certifying that the moving counsel has conferred with opposing counsel; and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

Local Rule 3.01(g).

The Middle District of Florida Discovery Handbook elaborates:

> The term "confer" in Rule 3.01(g) means a substantive discussion. Counsel must respond promptly to inquiries and communication from opposing counsel. Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith. Rule 3.01(g) is strictly enforced. A motion that does not comply with the rule may be summarily denied.

M.D. Fla. Discovery Handbook § I.A.2.

The plaintiffs' counsel failed to comply with Local Rule 3.01(g), having moved to extend the time limits on September 26, 2019, in lieu of responding to the last line in the email from the defendants' counsel sent on September 20, 2019: "Please advise if you have concerns with this approach." Doc. 79-5 at 2. That failure alone warrants denying the motion. Still, hesitant to leave counsel with no resolution on logistics of depositions so far away, the Court will address the motion with the reminder to comply fully with Local Rule 3.01(g) next time or risk summary denial.

4

The federal rules limit each deposition to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The time includes only time examining the witness, not time eating lunch or taking a break. *United States ex rel. Baltazar v. Warden*, 302 F.R.D. 256, 267 (N.D. Ill. 2014). A court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent"[1] and may limit the scope and manner of a deposition as provided in Rule 26(c).[2] Fed. R. Civ. P. 30(d)(1), (d)(3)(B). The party seeking to change the time limitations must show good cause. Fed. R. Civ. P. 30, Adv. Comm. Notes 2000 Amend. Those rules should be construed by the court and the parties to "secure the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.

The plaintiffs have shown good cause to somewhat change the time limits given the dual purposes of the depositions, but not in the manner they request, which would unreasonably require the defendants' counsel to remain in Australia for three additional days for a mere possibility that the depositions will exceed the time limits. Considering the circumstances in the motion and response, the motion is **granted in part and denied in part** as follows. The plaintiffs must take the four depositions in four days. Unless the defendants' counsel stipulates otherwise, each deposition must take place during a single day. The depositions of Fields, Allen, and Avery may not exceed eight hours (counting only examining time); and the deposition of Loxton may not exceed nine hours (counting only examining time). Because the defendants' counsel will not be using an "egg timer," some leeway is afforded the plaintiffs' counsel. The defendants' counsel has agreed to accommodate the religious-based request, and sunset will be late enough to allow a nine hours of examining time with an early start.

---

[1]Rule 26(b)(1) and (2) address the scope of discovery and the limitations on frequency and extent of discovery.

[2]Rule 26(c) addresses protective orders.

## Motion to Compel

The plaintiffs move to compel the defendants to produce documents requested in November 2018, contending the defendants responded with improper "boilerplate" objections, claims of privilege or production without a privilege log, and a false claim that key witnesses did not have a Yowie email addresses. Doc. 58. According to the plaintiffs, they have engaged in "numerous meet-and-confers" to resolve the matter but "have yet to receive any meaningful discovery" despite assurances from the defendants. Doc. 58 at 2. Besides the documents, the plaintiffs request an award of expenses incurred in bringing the motion. Doc. 58 at 9.

The defendants respond with the observation that the plaintiffs provide neither the requests nor the responses with their motion to compel, in violation of Local Rule 3.04. Doc. 65 at 1–2. The defendants further respond that their objections were appropriate, and they since have addressed each of the plaintiffs' concerns expressed in the motion to compel. Doc. 65 at 2–5.

Local Rule 3.04(a), which governs motions to compel, provides:

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

Local Rule 3.04(a).

Rule 26, which governs discovery in general and privilege and protection of certain evidence, provides:

> (5) Claiming Privilege or Protecting Trial-Preparation Materials.

> (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
>> (i) expressly make the claim; and
>>
>> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

Rule 34, which governs requests for production, provides:

> (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(B) & (C). Advisory Committee notes explain,

> [A]n objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.

Fed. R. Civ. P. 34, Adv. Comm. Notes 2015 Amend.

The Middle District of Florida Discovery Handbook elaborates:

5 - <u>Responding to a Document Request</u>. A party and counsel ordinarily have complied with the duty to respond to a document request if they have:

> (a) Responded to the requests within the time set by the governing rule, stipulation, or court-ordered extension;
>
> (b) Objected with specificity to objectionable requests;
>
> (c) Produced the documents themselves (or copies), specifically identified those documents that are being or will be produced, or specified precisely where the documents can be found and when they can be reviewed; if the documents will be produced, the response should state a specific date when the responsive documents will be available. For example, to state that the requested documents will be available at an ambiguous "mutually agreeable time" is not sufficient.
>
> (d) Stated specifically that no responsive documents have been found; and
>
> (e) Ensured a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents.

6 - <u>Objections</u>. Attorneys should not make objections solely to avoid producing documents that are relevant to the case or that are otherwise necessary to discover or understand [the] issues. Absent compelling circumstances, failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel. Objections to requests for production should be specific, not generalized, and should be in compliance with the provisions of Rule 34(b), Federal Rules of Civil Procedure. Objections to portions of a document request do not excuse the responding party from producing those documents to which there is no objection. Specific objections should be matched to specific requests. General or blanket objections should be used only when they apply to every request. Boilerplate objections such as "the request is overly broad, unduly burdensome, and outside the scope of permissible discovery" are insufficient without a full, fair explanation particular to the facts of the case.

7 - <u>Producing Documents Subject to Objection</u>. When the scope of the document production is narrowed by one or more objections, this fact and the nature of the documents withheld should be asserted explicitly for that request.

8 - <u>When Production Is Limited by Interpretation</u>. If a party objects to a request as overbroad when a narrower version of the request would not be objectionable, the documents responsive to the narrower version ordinarily should be produced without waiting for a resolution of the dispute over the scope of the request. When production is limited by a party's objection, the producing party should clearly describe the limitation in its response.

M.D. Fla. Discovery Handbook § III.A.5.

Finally, Rule 37(a), addressing discovery sanctions, provides that an evasive or incomplete response must be treated as a failure to respond, and:

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

(B) If the Motion Is Denied. If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

> (C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(4) and (5).

Given the defendants' representation they have addressed the plaintiffs' concerns, Doc. 65, the motion to compel, Doc. 58, is **denied**. The denial is **without prejudice** to moving to compel the production of any documents that should have been produced but have not been (after a conference under Local Rule 3.01(g)). The plaintiffs' counsel is directed to Local Rule 3.04(a), and, to avoid similar motions to compel, the defendants' counsel is directed to the federal rules, local rules, and handbook provisions block-quoted above. Given failures on both sides, the Court declines to award expenses in bringing or responding to the motion.

**Ordered** in Jacksonville, Florida, on October 11, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Counsel of Record